# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **XCOAL ENERGY & RESOURCES, L.P.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07CV00057 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **LANDON KELLER SMITH, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Tyler P. Brown and Michael G. Wilson, Hunton & Williams LLP, Richmond, Virginia, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, and Elsey A. Harris III, Mullins, Harris & Jessee, Norton, Virginia, for Defendants.*

The present issue in this civil diversity case is whether the plaintiff has sufficiently pleaded fraud in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.

The plaintiff, Xcoal Energy & Resources, L.P. ("Xcoal"), asserts a cause of action for fraud against the defendants, Landon Keller Smith and Karl Louis Singer, who were principals in a coal mining business located in this judicial district. Xcoal alleges that in a series of transactions in 2005 it purchased and paid for coal from one of the defendants' entities, Glamorgan Coal Resources, LLC ("GCR"), but that the coal was never delivered. Xcoal claims that Smith and Singer represented "both orally and in writing" that GCR was "storing the Coal in its Wise, Virginia stockpile,

that the Coal would be delivered upon demand to the Plaintiff, and that the Plaintiff was the sole owner of the Coal." (Compl. ¶ 34.)

In fact, Xcoal alleges, these representations were false, which it learned after GCR filed for bankruptcy. Xcoal seeks damages as a result of the alleged misrepresentations.

Smith and Singer have moved to dismiss the Complaint on the ground that it fails to sufficiently state the circumstances of the fraud. The issues have been briefed by the parties and the Motion to Dismiss is ripe for decision.[1]

Under ordinary principles of federal pleading practice, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, when fraud is alleged, the claim is subject to Rule 9(b), which requires that it be pled with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9(b) has been construed to mean that the plaintiff must plead "the time, place, and contents of the false representations,

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted). The requirements of Rule 9(b) have been analogized to the goal of a good newspaper lead—who, what, when, where, and how. *See, e.g., Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

The purposes of Rule 9(b) are: (1) to ensure that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) to protect defendants from frivolous suits; (3) to eliminate fraud actions in which all the facts are learned after discovery; and (4) to protect defendants from harm to their goodwill and reputation. *Harrison*, 176 F.3d at 784.

Xcoal adequately describes in its Complaint the writings in which the alleged misrepresentations were made, namely a July 29, 2005, purchase order, and two warehouse receipts executed on or about December 27, 2005. However, it describes the oral misrepresentations only as follows: "Throughout the period between Plaintiff's issuance of the July 25, 2005 Purchase Order, the subsequent transmissions of the GCR Invoices, and December 27, 2005, Defendant Smith and Defendant Singer repeatedly acknowledged orally to representatives from the Plaintiff that the Glamorgan entities were holding the Coal owned by Plaintiff at its Wise, Virginia stockpile." (Compl. ¶ 19.)
- 3 -

It is clear that paragraph 19 of the Complaint does not comply with Rule 9(b) in that it does not adequately state the times of the alleged misrepresentations or the places where they occurred.[2] Moreover, the nature of the misrepresentations is only generally averred, without the particulars of the oral statements and by which of the defendants they were made.

Accordingly, I will grant the Motion to Dismiss, but with leave to amend the Complaint to either comply with Rule 9(b) as to paragraph 19 of the Complaint or to withdraw the assertion that the defendants made oral misrepresentations.[3]

A separate order will be entered forthwith.

DATED: February 4, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] Of course, the exact day of a misrepresentation may not be known, so long as the plaintiff sufficiently pleads other surrounding circumstances in order to show the bona fides of the allegation.

[3] The defendants also contend that the Complaint does not adequately state the particulars of the plaintiff's reliance upon the misrepresentations. However, even assuming that Rule 9(b) imposes a heightened pleading standard on the reliance element of a fraud claim, *see Midwest Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 524 (7th Cir. 1993) (holding that Rule 9(b) does not require allegations of the facts that make the fraud actionable, such demonstrating the reasonableness of the reliance), I find that the allegations here are sufficient.

- 4 -