# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **XCOAL ENERGY & RESOURCES, LP,** | ) |
| | ) |
| Plaintiff, | ) Case No. 2:07CV00057 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **LANDON KELLER SMITH, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Michael G. Wilson and Thomas N. Jamerson, Hunton & Williams LLP, Richmond, Virginia, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, and Elsey A. Harris III, Mullins, Harris & Jessee, Norton, Virginia, for Defendants.*

In this action seeking damages for fraud under the court's diversity jurisdiction, the defendants filed a Motion to Dismiss to the Complaint, which I sustained on the ground that the allegations of oral misrepresentations had not been alleged with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. *Xcoal Energy & Res., L.P. v. Smith*, No. 2:07CV00057, 2008 WL 312912 (Feb. 4, 2008). Leave was granted to amend and following an Amended Complaint, the defendants have again moved to dismiss based on Rule 9(a).

The plaintiff, Xcoal Energy & Resources, L.P. ("Xcoal"), claims that the defendants, Landon Keller Smith and Karl Louis Singer, principals in a coal mining business, made false representations regarding the purchase of coal by Xcoal from

one of the defendants' entities, Glamorgan Coal Resources, LLC ("GCR"). Xcoal alleges that it purchased coal from GCR in separate transactions on July 29, 2005, September 28, 2005, October 19, 2005, and November 1, 2005. Xcoal paid GCR in advance for this coal in the total amount of $2,984,430. The coal was never delivered and on May 10, 2006, GCR filed for bankruptcy. In the bankruptcy proceeding, Xcoal learned that the coal purchased had never been mined and thus was not in GCR's inventory.

In the initial Complaint, Xcoal claimed that the defendants had misrepresented, both orally and in writing, that the coal was in GCR's inventory. Because the particulars of such misrepresentations were not set forth in the Complaint, as required by Rule 9(b), I granted the defendants' Motion to Dismiss, with leave to amend.

In its Amended Complaint, Xcoal alleges two written misrepresentations and two oral misrepresentations. The written misrepresentations were contained in two warehouse receipts provided to Xcoal by the defendants on December 27, 2005. One of alleged oral misrepresentations was also on December 27, 2005, and the other was on April 5, 2006.

On December 27, 2005, Xcoal purchased additional coal from GCR, but that coal was delivered. Xcoal paid part of the price for the additional coal in advance and part ($249,044.46) after delivery. (Am. Compl. ¶ 27.)

In their Second Motion to Dismiss, the defendants argue that since the alleged misrepresentations occurred <u>after</u> the payments to GCR, Xcoal can have no claim for damages and has in effect, pleaded itself out of court. In response, Xcoal points to a new allegation of the Amended Complaint, in which it alleges that "[r]elying upon the oral and written representations made by the Defendants . . . Plaintiff refrained from exercising rights and remedies otherwise available to it." (Am. Compl. ¶ 29.) In their reply, the defendants contend that the pleading is still deficient, because there are no allegations that show that Xcoal would have been able to get its coal or its money back even had it known the truth, i.e, that the coal was not in GCR's inventory, any earlier than it did. *See Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990) (holding that "a complaint claiming fraud is fatally defective unless it alleges detrimental reliance, and damages proximately flowing from such reliance, with particularity.").[1]

I find that the plaintiff has again failed to comply with Rule 9(b). Perhaps Xcoal is claiming that it would not have paid GCR for the additional coal delivered had it known the truth. Perhaps Xcoal has knowledge of some legal remedy that would have allowed it to require GCR to mine and deliver the coal before GCR

---

[1] In my earlier decision, I held that reliance had been sufficiently alleged, but that was when it appeared that Xcoal was claiming that it relied upon the misrepresentations to prepay for additional coal that was not delivered.

entered bankruptcy. Perhaps there is some other detrimental reliance that neither I nor the opposing parties have thought of. But we should not have to speculate on the particulars of the Xcoal's fraud claim.

For these reasons I will grant the Second Motion to Dismiss. Under the circumstances I will allow the plaintiff one additional opportunity to comply with Rule 9(b). If in fact Xcoal has a claim, it should not be difficult to state it in logical sequence, in plain English, rather than with the obfuscation characterizing the pleadings filed to date. If it fails again, I will be forced to conclude that it has no real case.

A separate order will be entered.

DATED: March 20, 2008

/s/ JAMES P. JONES
Chief United States District Judge