# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| XCOAL ENERGY & RESOURCES, LP, | )<br>) |
| Plaintiff, | ) Case No. 2:07CV00057<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| LANDON KELLER SMITH, ET AL., | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendants. | ) |

*R. Johan Conrod, Jr., and Hunter W. Sims, Jr., Kaufman & Canoles, P.C., Norfolk, Virginia, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendants.*

In advance of jury trial in this civil case, the plaintiff has moved to exclude certain documents that the defendants intend to introduce on the ground that they are statements made in compromise negotiations and thus inadmissible under Federal Rule of Evidence 408(a)(2). The defendants seek their admission on the ground that the documents are communications internal to the plaintiff and thus not made in negotiations. For the reason that follow, I will grant the motion in limine.

In this case, the plaintiff seeks to prove that the defendants committed fraud in connection with a series of coal sales. The plaintiff contends that the defendants, principals in a coal mining business, misrepresented that coal purchased by the plaintiff was being held in inventory, when it was not. When the defendants' coal

company took bankruptcy, it was discovered that the coal did not exist and the plaintiff lost the money that it had paid for the coal.[1]

The documents in question are copies of two e-mails between an officer of the plaintiff company and the company's outside attorneys. The documents would be otherwise privileged, except that it appears that the attorney-client privilege was waived by the plaintiff when the documents were disclosed to an insurance company, where they were found by the defendants upon subpoena.

The defendants do not contest that the subject of the e-mails was the then-current negotiations during the bankruptcy proceedings between the plaintiff and the debtor company over the missing coal. However, the defendants contend that because the documents were internal to the plaintiff and were not communications to the opposing side, they do not constitute "statements made in compromise negotiations" and thus are not covered by Rule 408.

Federal Rule of Evidence 408 prohibits the use of evidence of offers to compromise or "conduct or statements made in compromise negotiations" for the purpose of proving "liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or

---

[1] The facts of the case are more fully set forth in a recent opinion of the court disposing of other pretrial motions. *Xcoal Energy & Res., LP v. Smith*, No. 2:07CV00057, 2009 WL 1956499, at *1-3 (W.D. Va. July 7, 2009).

-2-

contradiction." The Rule supports a strong public policy of encouraging settlements. *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654-55 (4th Cir. 1988).

The circuits that have addressed this issue have agreed that internal memoranda, although not communicated to the opposing side, are encompassed within Rule 408. As the Eighth Circuit recently held, "The spirit of the Rule, as recognized by several circuits and as set forth in the commentary to the Rule, supports the exclusion of certain work product, internal memos, and other materials created specifically for the purpose of conciliation, even if not communicated to the other party." *E.E.O.C. v. UMB Bank Fin. Corp.*, 558 F.3d 784, 791 (8th Cir. 2009). Thus, the court found that the district court erred in admitting hand-written notes that were taken by a job counselor during discussions with the plaintiff about his settlement position. *Id.* These notes were not disclosed to the defendant corporation during settlement negotiations. *Id.* at 789-90. *See also Affiliated Mfrs., Inc. v. Alum. Co. of Am.*, 56 F.3d 521, 528-30 & n.4 (3d Cir. 1995) (holding that district court permissibly excluded an internal memorandum written by an engineer in preparation for the parties' first settlement meeting); *Kritikos v. Palmer Johnson, Inc.*, 821 F.2d 418, 421-23 (7th Cir. 1987) (finding that the trial judge improperly relied on letters written to the plaintiff by his agent regarding discussions of the strengths and weaknesses of

-3-

the plaintiff's claim with the plaintiff's attorney and three architects outside the presence of the defendant).

The Fifth and Eleventh Circuits have similarly held that reports prepared for the purpose of compromise negotiations are inadmissible under Rule 408. *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106-07 (5th Cir. 1981) (finding that district court permissibly excluded an architect's report, which had been commissioned as a tool for settlement negotiations regarding the alleged defects in the motel); *Blu-J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 641-42 (11th Cir. 1990) (concluding that an independent accounting firm's report prepared by mutual agreement of the parties as part of their settlement negotiations was inadmissible).[2]

While the Fourth Circuit has not ruled on this issue, I find persuasive the reasoning of the Eighth Circuit in *UMB Bank*. The commentary to Rule 408, referenced in *UMB Bank*, states that the purposes of the Rule are to foster open discussions and out-of-court settlements and to guard against the admission of

---

[2] In contrast, the District of Maryland held in *Blue Circle Atlantic, Inc. v. Falcon Materials, Inc.*, 760 F. Supp. 516, 522 (D. Md. 1991), that "Rule 408 does not apply to internal memoranda unless communicated to the other side in an attempt at settlement." *But see id.* at 522 (finding that although Rule 408 did not bar the evidence, certain portions were inadmissible because the "slight probative value of these passages is far outweighed by the prejudicial effect that they would have on the jury"). The Fourth Circuit affirmed in an unpublished opinion that does not discuss this evidentiary issue. *Blue Circle Atl., Inc. v. Falcon Materials, Inc.*, No. 91-2099, 1992 WL 79536 (4th Cir. Apr. 21, 1992) (unpublished).

-4-

evidence that may not fairly represent the actual value or merits of a claim, including not just offers, but "expansion of the [common law] rule . . . to include evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself." *UMB Bank*, 558 F.3d at 791 (quoting Fed. R. Evid. 408 advisory committee's note). The Fourth Circuit has indicated that the strong public policy embodied in Rule 408 weighs in favor of exclusion. *Fiberglass Insulators*, 856 F.2d at 655. Considering the policy objectives of Rule 408, the broad language of the Rule, and the majority case law, the Eighth Circuit's reasoning is convincing.

For these reasons, it is **ORDERED** that the Motion in Limine as to this issue is GRANTED.

        ENTER: July 20, 2009

        /s/ JAMES P. JONES
        Chief United States District Judge