# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **XCOAL ENERGY & RESOURCES LP,** | )<br>)<br>) Case No. 2:07CV00057<br>) |
| Plaintiff, | )<br>) **OPINION AND ORDER** |
| v. | )<br>) By: James P. Jones |
| **LANDON KELLER SMITH, ET AL.,** | ) Chief United States District Judge<br>) |
| Defendants. | ) |

*Hunter E. Sims, Jr., and R. Johan Conrod, Jr., Kaufman & Canoles, P.C., Norfolk, Virginia, for Plaintiff; Steven R. Minor, Elliot Lawson & Minor, Bristol, Virginia, for Defendants.*

In this civil case, the plaintiff has moved for an intra-district transfer of venue for retrial on the ground that the jury may be contaminated by the circumstances of the prior trial. I find that a change of venue has not been shown to be in the interest of justice. Accordingly, I will deny the motion and the trial will remain in Big Stone Gap.[1]

Xcoal Energy & Resources LP, sued defendants Landon Keller Smith and Karl Louis Smith for fraud, alleging that the defendants induced the plaintiff to pay $3.2 million to the defendants' business for coal the plaintiff never received. *Xcoal*

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented and argument would not significantly aid the decisional process.

*Energy & Res., LP v. Smith*, No. 2:07CV00057, 2009 WL 1956499 (W.D. Va. July 7, 2009). At trial, the jury found for the defendants. After the verdict was returned, I learned that a juror had improperly exposed the jury to statements about the plaintiff's insurance policy. The plaintiff moved for a new trial. I concluded that a new trial was warranted because the unauthorized communication had violated the plaintiff's right to trial by an impartial jury. *Xcoal Energy & Res., LP v. Smith*, No. 2:07CV00057, 2009 WL 3482219 (W.D. Va. Oct. 26, 2009).

Now, the plaintiff has moved for a transfer within the Western District of Virginia and argues it would be prejudiced unless the second trial is held in Roanoke or Abingdon.

Under 1404(b), a party may move for the transfer of a proceeding to another division within the judicial district where the case originated. 28 U.S.C.A. § 1404(b) (West 2006); *Clinton Foods, Inc. v. United States*, 188 F.2d 289, 293 (4th Cir. 1951). This subsection gives a district court wide discretion in deciding whether to change a proceeding's venue. *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981); *Cliff Weil, Inc. v. Bailey*, 209 F. Supp. 836, 837 (E.D. S.C. 1962). In considering such a motion, a court may rely upon the factors listed in 28 U.S.C.A. § 1404(a)—whether the movant has proven that a transfer would be in the interest of justice or more convenient for parties and witnesses. *Id.,* at 837; *Hanning v. New England Mut. Life*

*Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989) (considering motion for interdivisional transfer under standards listed in § 1404(a)); *Alpharma, Inc., v. Purdue Pharma L.P.*, 634 F. Supp. 2d 626, 632 (W.D. Va. 2009) (holding that under § 1404(a) movant bears burden of proof).

In this case, the plaintiff has not alleged facts to support its assertion that a venue change would be in the interest of justice. The plaintiff alleges that "news travels fast" in the Big Stone Gap division and therefore it is "reasonable to believe" that potential jurors know about the first trial. (Pl.'s Mot. 3, 7.) This is pure speculation. The plaintiff has no evidence of local publicity surrounding the initial trial or post-trial motions. Further, the plaintiff cannot point to any factual proof to bolster its assertion that the case is "widely known in this small community." (Pl.'s Mot. 3.)

A thorough voir dire of jurors is "the preferred safeguard against" the threat of an unfair trial. *In re Charlotte Observer*, 882 F.2d 850, 855 (4th Cir. 1989) (citing *Wansley v. Slayton*, 487 F.2d 90, 92–93 (4th Cir. 1973)). To alleviate concerns about prejudice, the jury panel can be questioned during voir dire as to whether they know about the first trial or the parties. If potential jurors are aware of the prior proceedings, these individuals can be further questioned outside the presence of other jury panel members.

For the foregoing reasons, it is **ORDERED** that the plaintiff's Motion to Transfer Venue is DENIED.

ENTER: December 11, 2009

/s/ JAMES P. JONES
Chief United States District Judge